UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| John Graphenteen, | Civil No. 15-2503 (MJD/FLN) |
| Plaintiff, | |
| v. | **ORDER AND REPORT AND RECOMMENDATION** |
| Lucinda Jesson et al., | |
| Defendants. | |

_____

John Graphenteen, *pro se*, for Plaintiff.
_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on Plaintiff's motion for default judgment (ECF No. 15) and motion to appoint counsel (ECF No. 14). For the reasons set forth below, the Court recommends that Plaintiff's motion for default judgment be **DENIED**. Additionally, Plaintiff's motion to appoint counsel is **DENIED**.

**A.    Motion for default judgment**

Plaintiff filed his Complaint on May 19, 2015 (ECF No. 1) alleging multiple violations of his rights protected under 42 U.S.C. § 1983. He is involuntarily committed to the Minnesota Department of Human Services ("DHS") in the Minnesota Sex Offender Program ("MSOP"). Compl. 1, ECF No. 1. In his Complaint, Plaintiff named 18 defendants that include Jane and John Doe employees as well as their supervisors at MSOP facilities in St. Peter and Moose Lake. *Id.* at 4. All Defendants were named in their individual and official capacities as employees of the State of Minnesota. *Id.* Plaintiff claims that he has been deprived of medical attention and treatment, among other things and demands the right to equal protection and due process. *Id.* at 21.

Plaintiff now brings the present motion for default judgment, asserting that "the court files and record herein show that Defendants were served by the United States Marshal with a copy of

the summons, and a copy of the Plaintiff's complaint." Mot. for Default Judgment 2, ECF No. 15. Plaintiff is correct that to date Defendants have not filed a notice of appearance or an answer to Plaintiff's Complaint. *Id.* However, Defendants have not noticed an appearance or filed an answer because Plaintiff has failed to perfect service with respect to the claims against Defendants in their official capacities. Under the federal rules, service upon the state may be accomplished in one of two ways: (a) by serving a copy on the chief executive officer of the body, or (b) by serving in accordance with state law. Fed. R. Civ. P. 4(j). Service on the state "in accordance with state law" requires delivering a copy of the Summons and Complaint to the attorney general, a deputy attorney general, or an assistant attorney general. Minn. R. Civ. P. 4.03(d). A review of the executed summonses shows that while the Summons and Complaint have been served on the individual defendants, they have not been served on the Minnesota Attorney General's Office. *See* ECF Nos. 5–13. Accordingly, because Plaintiff has yet to perfect service in accordance with the Federal Rules of Civil Procedure, Plaintiff's motion for default judgment must be denied.

**B.      Motion to appoint counsel**

Petitioner has moved this Court to appoint counsel because (1) he cannot afford to retain a private attorney, (2) the matters in this case are complex, (3) he has no access to a law library, (4) he must share access to two legal computers amongst 90 detainees, and (5) he is prohibited from access to crucial data or possession of material needed to litigate. Mot. to Appoint Counsel, ECF No. 14.

In considering a motion to appoint counsel, "[t]he trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting

testimony, and the plaintiff's ability to investigate the facts and present his claim." *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996).

In this case, the Court finds that neither the facts nor the legal issues raised are so complex as to warrant appointment of counsel. Petitioner, through his submissions to the Court in support of his petition, has demonstrated his ability to investigate the legal and factual bases of his claims. Furthermore, the Court cannot conclude that appointment of counsel would substantially benefit both the Petitioner and the Court. Accordingly, the Court determines that the interests of justice do not require that counsel be appointed for Petitioner.

Based on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for default judgment (ECF No. 15) be **DENIED**.

It is additionally **ORDERED** that Petitioner's motion to appoint counsel (ECF No. 14) is **DENIED**.

DATED: November 3, 2015      *s/Franklin L. Noel*
　　　　　　　　　　　　　　　　　　　　FRANKLIN L. NOEL
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the

objections are filed; or (2) from the date a timely response is filed.